■ In the Matter of EMMA K. VANERIA, an Alleged Incapacitated Person. JOHN S. VANERIA, Respondent; SUSANNE NORMAN, Appellant. [712 NYS2d 107] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered October 15, 1999, which denied respondent's motion, pursuant to CPLR 3211 (a) (2) and (8) and 3212, for dismissal or summary judgment as to petitioner's application to be appointed guardian of the parties' daughter Emma, pursuant to Mental Hygiene Law article 81, unanimously reversed, on the law, with costs, the motion granted and the petition dismissed.

The courts of New York State lack jurisdiction of this matter under Mental Hygiene Law article 81. The alleged incapacitated person, the parties' daughter, Emma, is an autistic and mentally retarded 19 year old who has resided in Massachusetts since the parties' separation in 1984, first with her mother, and, since 1994, in a child development center in Chatham, Massachusetts called the May Center.

Section 81.04 (a) of the Mental Hygiene Law provides three specific bases for jurisdiction: where the alleged incompetent person is a resident of the State, where a non-resident of the State is present in the State, and where a non-resident of the State needs a foreign guardian to manage property within New York State. Emma falls within none of the foregoing categories. Emma's apparent consent to the appointment of a guardian, pursuant to section 81.02 (a) (2), is insufficient to bestow subject matter jurisdiction on the courts of this State.

Petitioner's reliance on *Matter of Nhan Thi Thanh Le* (168 Misc 2d 384) and *Matter of Mary S.* (234 AD2d 300) is misplaced. In *Matter of Nhan Thi Thanh Le* (*supra*), the non-resident 10-year-old child's physical presence in the State of New York at the time the guardianship proceeding was commenced was sufficient for jurisdiction, and, additionally, it was necessary to appoint someone to manage a $5 million personal injury award he received. In *Matter of Mary S.* (*supra*), appellant was an 82-year-old woman who, although she resided in Maryland, had "personal connections and *property* in this State" (emphasis added) in satisfaction of Mental Hygiene Law § 81.04 (a) (2). "Furthermore, the guardian appointed by the court was given only those powers which were necessary for him to provide for the appellant's personal needs and property management, which constituted the least restrictive form of intervention (*see*, Mental Hygiene Law § 81.02 [a] [2])" (*Matter of Mary S.*, 234 AD2d 300, 301, *supra*). The present case has nothing in common with that situation. Concur—Williams, J. P., Tom, Ellerin, Andrias and Saxe, JJ.